# In the United States District Court
# For the Southern District Of Georgia
# Waycross Division

| | | |
|---|---|---|
| NEAMTU VADUVA, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO. 5:14-cv-107 |
| | * | |
| v. | * | |
| | * | |
| WARDEN TRACY JOHNS, | * | |
| | * | |
| Respondent. | * | |

## ORDER

As set forth below, Petitioner has failed to comply with this Court's Order and has failed to prosecute this action. Therefore, this case is hereby **DISMISSED without prejudice**. Additionally, the Court **DENIES** Petitioner a certificate of appealability and denies him leave to appeal in forma pauperis.

## BACKGROUND

Petitioner Neamtu Vaduva ("Vaduva"), who was formerly incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on December 23, 2014. Dkt. No. 1. Vaduva asserted he was challenging the loss of good conduct time because the Disciplinary Hearing Officer ("DHO") did not have authority to impose sanctions against him, as the DHO is an employee of a privately-run correctional institution. Id. at pp. 6–8. The Court entered an Order on

December 23, 2014, directing Respondent to show why Vaduva's petition should not be granted. Dkt. No. 2. This Order also directed Vaduva to notify the Court "immediately" in writing "of any change in address." Id. at p. 2. Vaduva was advised that his failure to do so will result in dismissal of this case, without prejudice. Id.

Respondent filed a Return on the Order to Show Cause on January 23, 2015. Dkt. No. 5. In his responsive pleading, Respondent asserts Vaduva had a projected release date of June 15, 2015. Id. at p. 2. Following Respondent's Response, Petitioner did not file a reply or take any other action in this case.

On September 22, 2015, Petitioner was ordered to provide an updated mailing address within fourteen days of that Order. Dkt. No. 6. The Court made clear that Petitioner's failure to respond to that Order would result in dismissal of this case. Id. After the Court mailed that Order to Petitioner at the only address that the Court has for him, it was returned as undeliverable. Dkt. No. 7. Petitioner has not updated his address or filed any other pleadings in this case since the Court's show cause Order. Indeed, Petitioner has not taken any action in this case since December 23, 2014.

## DISCUSSION

### I. Dismissal for Failure to Prosecute and Follow this Court's Orders

A district court may dismiss a party's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

("Rule 41(b)")[1] and the court's inherent authority to manage its docket. Link v. Wabash Railroad Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a party's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[1] The Federal Rules of Civil Procedure may be applied to this matter pursuant to Rule 12 of the Rules Governing Section 2254 Cases.

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625-26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802-03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620-21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an

extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802-03 (upholding dismissal without prejudice for failure to prosecute where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite having been specifically directed to keep this Court apprised of his current address, Petitioner has failed to do so. Without any way to contact Petitioner, the Court cannot adjudicate his claims. Additionally, with Petitioner not having taken any action on this case for over nine months, he has failed to diligently prosecute his claims. Thus, Petitioner has demonstrated a clear record of delay and disregard for this Court's Orders, and a sanction other than dismissal will not suffice to remedy his deficiencies.

For these reasons, Petitioner's Section 2241 Petition, dkt. no. 1, is hereby **DISMISSED** without prejudice for failure to prosecute and follow Court this Orders, and this case shall be **CLOSED**.

II. **Leave to Appeal In Forma Pauperis and Certificate of Appealability**

The Court also denies Petitioner leave to appeal in forma pauperis, and denies him a Certificate of Appealability ("COA"). Though Petitioner has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court <u>must</u> issue or deny a certificate of appealability when it issues a final order adverse to the applicant."[2] (emphasis supplied); <u>see also</u>, FED. R. APP. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. Cnty. of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate

---

[2] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, Rule 11 may be applied to cases brought pursuant to 28 U.S.C. § 2241.

of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Petitioner's action and applying the certificate of appealability standards set forth above, there are no issues worthy of a certificate of appeal, and, therefore, the Court **DENIES** the issuance of a certificate. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal is, likewise, **DENIED**.

## CONCLUSION

For the above-stated reasons, Petitioner's action is **DISMISSED**, without prejudice, and the Clerk of Court is directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. Further, the Court **DENIES** Petitioner a Certificate of Appealability and **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 14 day of October, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA